Jason A. Close, Esq.
Nevada Bar No: 13674
CLOSE LAW GROUP
2831 Saint Rose Pkwy STE 240
Henderson, Nevada 89052
Telephone:     702.983.4254
Facsimile:     702.924.4645
E-mail: jason@closelawgroup.com

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA CLAUS and VIRGINIA JOHNSON GRUVER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY,<br><br>*Defendant*. | Case No. 2:25-cv-00651-APG-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINE FOR DEFENDANT TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**(First Request)** |

Pursuant to Fed. R. Civ. P. 6(a)(1), Fed. R. Civ. P. 6 (b)(1)(A), LR 7-1, LR IA 6-1, and LR IA 6-2, Plaintiffs Pamela Claus and Virgina Gruver (collectively, "Plaintiffs") and Defendant CHW Group, Inc. d/b/a Choice Home Warranty (individually "Defendant" and collectively with the Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby respectfully stipulate and agree and do hereby jointly move the Court for an Order extending the deadline for Defendant to answer, move, to respond to Plaintiff's Complaint (ECF No. 1, "Complaint") in this matter, to and including July 14, 2025. In support thereof, the Parties further state and agree as follows:

1. Plaintiffs filed their Complaint in this matter on April 11, 2025.

2. Defendant executed a waiver of service of process on April 14, 2025 (ECF No. 5). By operation of Fed. R. Civ. P. 4(d)(3), therefore, the Defendant's response to the Complaint is presently due on June 13, 2023.

3. Counsel for the Parties met and conferred on June 9, 2025, via email, regarding extending the foregoing deadline. Plaintiffs agreed to grant Defendant an extension of not less than

thirty (30) days. By operation of Fed. R. Civ. P. 6(a)(1) & (5), therefore, Defendant's new deadline to answer, move, or otherwise respond to the Complaint, if approved, would be on July 14, 2025.[1]

4.  This is the first request for an extension of Defendant's initial pleading deadline.

5.  There are several reasons as to why Defendant and it counsel seek and are in need of an extension of time as to Defendant's aforementioned responsive pleading deadline. *First*, though they have acted diligently, Defendant and Defendant's undersigned counsel (who was just recently retained) need sufficient time to adequately investigate the underlying facts and allegations in the Complaint, prepare an appropriate responsive pleading(s), and potentially explore an extra-judicial resolution with Plaintiffs, which may obviate the need for Defendant to respond to the Complaint altogether if successful. *Second*, Defendant's counsel have various unmovable professional and personal scheduling conflicts with the current deadline (including preplanned vacations and several motions and hearings set for around the same time period), which make completing the foregoing tasks by the current deadline extraordinarily difficult, if not impossible. *Third*, though it denies liability, Defendant desires to explore an extra-judicial resolution of this dispute with Plaintiffs without incurring additional legal expenses or burdening the Court or its resources, and therefore requires additional time prior to the current pleading deadline to do so. *Fourth*, a short extension will promote efficiency and conserve judicial and party resources in this matter, by allowing Defendant sufficient time to investigate and attempt to reach an extra-judicial resolution without having to engage in motion practice. *Fifth*, Plaintiffs agree to the extension.

6.  The Parties agree that the requested extension will promote efficiency and judicial economy by enabling the Parties to fully and adequately evaluate the claims at issue, allow Defendant to prepare an appropriate responsive pleading if necessary, and allow the Parties to continue to engage in preliminary resolution discussions without incurring additional expenses.

7.  Defendant does not seek the requested extension for purposes of delay.

8.  The requested extension will not prejudice any party and will not impact the timely resolution of this matter, particularly as the Parties are in agreement and this is Defendant's first

---

[1] Thirty days from the current deadline is Sunday, July 13. By operation of Rule 6, therefore, the deadline would carry over to the next business day, which is Monday, July 14, 2025.

requested extension of any kind in this cause. Moreover, an extension will promote justice, and judicial and party economy.

9. For at least the reasons above, therefore the Parties agree and respectfully submit that there is sufficient "good cause" for the requested extension under all applicable rules and law, and therefore do jointly request the Court's approval of this Stipulation.

10. Plaintiffs have agreed to be bound by this Stipulation, pending Court approval of same, and to not seek entry of a default against Defendant, to the extent the requested extension requires judicial approval and is not approved on or before Defendant's current pleading deadline.

11. In requesting this extension and by this Stipulation, Defendant does not waive and expressly reserves the right to assert any and all defenses to the underlying action, including, but not limited to, any defenses Defendant could raise pursuant to Federal Rules of Civil Procedure 12(b), including any jurisdictional defenses, standing, or any arbitral rights (including the right to move to compel arbitration).

WHEREFORE, for all of the reasons above, the parties stipulate and respectfully request that the Court enter this order extending the Defendant's deadline to respond to the Complaint by a period of no less than thirty (30) days, **to and including July 14, 2025**, along with granting the Parties all other relief the Court deems just and proper.

Dated: June 10, 2025                                        Dated: June 10, 2025

CLOSE LAW GROUP                                             KAZEROUNI LAW GROUP, APC

By:  /s/ Jason A. Close                                     By:   /s/ Gustavo Ponce, (w/ permission)
    Jason A. Close, Esq. (NBN: 13674)               Gustavo Ponce, Esq. (SBN:
    2831 Saint Rose Pkwy STE 240                     15084)gustavo@kazlg.com
    Henderson, Nevada 89052                          Mona Amini, Esq. (SBN: 15381)
    Attorneys for Defendant                          mona@kazlg.com
                                                     6940 S. Cimarron Road, Suite 210
                                                     Las Vegas, Nevada 89113
                                                     Counsel for Plaintiffs

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  June 10, 2025