Jason A. Close, Esq.
Nevada Bar No: 13674
CLOSE LAW GROUP
2831 Saint Rose Pkwy STE 240
Henderson, Nevada 89052
Telephone:    702.983.4254
Facsimile:    702.924.4645
E-mail: jason@closelawgroup.com

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA CLAUS and VIRGINIA JOHNSON GRUVER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY,<br><br>*Defendant*. | Case No. 2:25-cv-00651-APG-EJY<br><br>**STIPULATION AND ORDER TO EXTEND THE DEADLINE FOR DEFENDANT TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**(Second Request)** |

      Pursuant to Fed. R. Civ. P. 6(a)(1), Fed. R. Civ. P. 6 (b)(1)(A), LR 7-1, LR IA 6-1, and LR IA 6-2, Plaintiffs Pamela Claus and Virginia Gruver (collectively, "Plaintiffs") and Defendant CHW Group, Inc. d/b/a Choice Home Warranty (individually "Defendant" and collectively with the Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby respectfully stipulate and agree and do hereby jointly move the Court for an Order extending the deadline for Defendant to answer, move, to respond to Plaintiff's Complaint (ECF No. 1, "Complaint") in this matter, <u>to and including August 13, 2025</u>. In support thereof, the Parties further state and agree as follows:

      1.      Plaintiffs filed their Complaint in this matter on April 11, 2025.

      2.      Defendant executed a waiver of service on April 14, 2025 (ECF No. 5). By operation of Fed. R. Civ. P. 4(d)(3), Defendant's initial responsive pleading deadline was on June 13, 2025.

      3.      On June 10, 2025, the Court approved a stipulated extension of Defendant's initial responsive pleading, making July 14, 2025 the current deadline. See ECF No. 8.

      4.      Counsel for the Parties met and conferred on July 8, 2025, via email, regarding

1

1  extending the foregoing deadline. At that time, Plaintiffs agreed to grant Defendant an additional
2  extension of this deadline of not less than thirty (30) days, to and including August 13, 2025.

3      5.      This is the second request for an extension of Defendant's initial pleading deadline.

4      6.      The reason for this requested extension is to promote ongoing discussions between the Parties regarding a possible extra-judicial resolution of this dispute. The Parties wish to continue and see those discussions through to their natural conclusion without incurring additional legal expenses or burdening the Court or its resources. If those discussions are successful, it may obviate the need for Defendant to respond to the Complaint altogether. The Parties have agreed, therefore, that an additional extension of Defendant's responsive pleading deadline would promote efficiency and conserve judicial and party resources in this matter, and is in the best interests of justice.

7.      Defendant does not seek the requested extension for purposes of delay.

8.      The requested extension will not prejudice any party and will not impact the timely resolution of this matter, particularly as the Parties are in agreement.

9.      For at least the reasons above, therefore, the Parties agree and respectfully submit that there is sufficient "good cause" for the requested extension under all applicable rules and law, and therefore do jointly request the Court's approval of this Stipulation.

10.      Plaintiffs have agreed to be bound by this Stipulation, pending Court approval of same, and to not seek entry of a default against Defendant, to the extent the requested extension requires judicial approval and is not approved on or before Defendant's current pleading deadline.

11.      In requesting this extension and by this Stipulation, Defendant does not waive and expressly reserves the right to assert any and all defenses to the underlying action, including, but not limited to, any defenses Defendant could raise pursuant to Federal Rules of Civil Procedure 12(b), including any jurisdictional defenses, standing, or any arbitral rights (including the right to move to compel arbitration).

. . .

. . .

. . .

1  WHEREFORE, for all of the reasons above, the parties stipulate and respectfully request that the Court enter this order extending the Defendant's deadline to respond to the Complaint by a period of no less than thirty (30) days, **to and including August 13, 2025**, along with granting the Parties all other relief the Court deems just and proper.

| | |
|---|---|
| Dated: July 8, 2025 | Dated: July 8, 2025 |
| CLOSE LAW GROUP | KAZEROUNI LAW GROUP, APC |
| By: */s/ Jason A. Close* <br> Jason A. Close, Esq. (NBN: 13674) <br> 2831 Saint Rose Pkwy STE 240 <br> Henderson, Nevada 89052 <br> Attorneys for Defendant | By: */s/ Gustavo Ponce, (w/ permission)* <br> Gustavo Ponce, Esq. (SBN: 15084) <br> gustavo@kazlg.com <br> Mona Amini, Esq. (SBN: 15381) <br> mona@kazlg.com <br> 6940 S. Cimarron Road, Suite 210 <br> Las Vegas, Nevada 89113 <br> Counsel for Plaintiffs |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 8, 2025

Respectfully Submitted by:
CLOSE LAW GROUP

 */s/ Jason A. Close*
Jason A. Close, Esq. (NBN: 13674)
2831 Saint Rose Pkwy STE 240
Henderson, Nevada 89052
Attorneys for Defendant